James S. Cochran and John Cochran, trading as James S. Cochran & Bro., Appellants, *v.* Philadelphia & Reading Terminal Railroad Company.

*Negligence — Proximate cause — Contributory negligence — Demurrer — Pleading—Sufficiency of petition.*

In an action against a railroad company, the statement averred that plaintiffs owned a mill occupied by tenants; that defendant procured the passage of an ordinance to change the grade of the street in front of the mill, provided defendant should be liable for damages therefrom; that the work was done by defendant in March and April, 1892, in the course of which it covered the stopcock to the gas main with some six feet of earth; that on December 1, 1893, a fire occurred in the cellar of the mill which could have been extinguished before the mill and its contents were totally destroyed but for the fact that the heat melted the gas pipe at the meter, and permitted the gas to flow in; that an effort was immediately made to turn it off, but it was then first discovered that the stopcock had been covered, and could not be located; and that the flames fed by the gas became uncontrollable, and the mill and contents were totally destroyed. Defendant demurred to the statement. *Held*, (1) that plaintiffs were guilty of contributory negligence in allowing the stopcock to remain covered up for a year and a half; (2) that the covering of the stopcock was entirely too remote and speculative to form the basis of a cause of action; (3) that the mere emission of gas from the broken pipe without the intervention of another agency would not have caused the fire; (4) that judgment for defendant on the demurrer was properly entered.

Argued Jan. 20, 1898. Appeal, No. 358, Jan. T., 1897, by plaintiffs, from judgment of C. P. No. 2, Phila. Co., June T., 1894, No. 505, sustaining demurrer. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Demurrer to statement.

Plaintiffs' statement was as follows:

On the 1st day of December, A. D. 1893, and for several years prior thereto, plaintiffs were the owners of a mill property at the southeast corner of Tenth and Columbia avenue, and extending east to Hutchinson street, in the city of Philadelphia. In this mill property plaintiffs had a large quantity of stock, goods, machinery, boiler, engine, shafting and fixtures and they were engaged in the manufacture of yarns. In operating said mill plaintiffs made use of the gas furnished by the city of

Philadelphia, supplied by pipes leading from the gas main in Columbia avenue into said mill. In front of said mill property on Columbia avenue, there was provided and existed a mode of access to said gas pipe leading from the main into said mill, whereby the flow of gas into said mill could be turned on or off by means of a key inserted into the stop-off of the gas pipe, and this key was used from the surface of the street and reached the gas pipe through a wooden pipe leading from the surface of the street down to the gas pipe. The defendant, the Philadelphia and Reading Terminal Railroad Company, desired to make said Columbia avenue cross its railroad between Ninth and Tenth streets, over a bridge instead of at the surface grade, and in furtherance of that object the city of Philadelphia passed an ordinance dated the 26th day of December, A. D. 1890, to change the grade of said Columbia avenue (ordinance of 1890, page 423), a copy of which is as follows :

" Sec. 8. The department of public works is hereby directed and authorized to revise the grade of Columbia avenue at or near the point where the same crosses the line of the Philadelphia, Germantown and Norristown Railroad, and to revise the grades of Broad street and Lehigh avenue, at or near the place where the said streets cross the line of the Philadelphia, Germantown and Norristown Railroad, so that said streets shall be carried over the line of said railroad, and to revise the grade at Broad street, at or near Pennsylvania avenue, where Broad street crosses the line of the Philadelphia and Reading Railroad Company, so that Broad street can be carried over the said railroad. Said changes of grade, after said revisions, shall be made by said department: Provided, That all expenses and damages incident thereto shall be paid by said railroad company, which shall hold the city of Philadelphia indemnified against the same.

" The said Philadelphia and Reading Terminal Railroad Company shall be obliged to construct, or cause to be constructed, without expense to the city, that portion of the structures, with the approaches thereto, necessary to carry Broad street and Columbia avenue and Lehigh avenue, at the elevation and in accordance with the plans herewith submitted, over the Philadelphia, Germantown and Norristown Railroad, and to construct, or cause to be constructed, without expense to the city, so much of the structure, with the approaches thereto, as shall be neces-

sary to carry Broad street, at Pennsylvania avenue, at the elevation and in accordance with the plans submitted herewith, over the tracks of the Philadelphia and Reading Railroad Company.

"Sec. 9. Before any work shall be commenced by the said railroad company it shall enter into a bond, in a form to be approved by the city solicitor, with the Philadelphia and Reading Railroad Company, as surety, in the penal sum of one million (1,000,000) dollars conditioned for the faithful performance of all the conditions, terms and provisions of this ordinance, and the said company shall pay into the city treasury the sum of fifty dollars for printing this ordinance.

"Before the commencement of any work under this ordinance the said Philadelphia and Reading Railroad Company shall join with the said Terminal Railroad Company in the execution of a contract with the city of Philadelphia, to do all the things directed by this ordinance to be done by said Terminal Company."

After the passage of said ordinance the defendant undertook to make the said change of grade, and did by its servants and employees change the said grade of Columbia avenue, in front of said plaintiffs' property, by making a gradual rise in said grade from said Tenth street to said Hutchinson street eastward. This change of grade was made by the servants and employees of the defendant, filling up the bed of said Columbia avenue with dirt, soil and refuse, gradually elevating it, from Tenth street eastward until at said Hutchinson street it was elevated about twelve and a half feet above its prior grade. The said servants and employees of the defendant in doing said work, during the months of March and April, 1892, so improperly, carelessly and negligently filled in the said bed of Columbia avenue that they utterly failed and neglected to keep said access to said gas pipe in the street free, open and unobstructed, but, on the contrary, recklessly and carelessly filled up, obstructed, closed and covered up the same with the said dirt, soil and refuse to the depth of several feet, so that no access to said gas pipe could be had, nor the location of said stop-off be discovered. The said work of changing the grade of Columbia avenue, in front of the plaintiffs' property, and the filling in of the bed of said street by the defendant, was carried on continuously during the greater part of the months of March and April, 1892.

On the first day of December, 1893, about eight o'clock P. M., a fire broke out in the cellar of the plaintiffs' mill, which cellar was then occupied by a tenant. In a few minutes the heat from the fire melted the gas pipe off at the meter in the cellar, which permitted the gas to flow from the main pipe in the street into the building, and which flow of gas fed the flames. An effort was then almost immediately made by the plaintiffs to stop the flow of gas by turning it off at the stop-cock in the sidewalk, but the plaintiffs then for the first time discovered that it had been covered up by the defendant while doing the work of filling in the bed of Columbia avenue. In consequence of said covering up it was impossible to discover where the said stop-cock had been originally located.

And the plaintiffs aver that the said fire could have been and would have been extinguished before said mill property and its contents were totally destroyed, but for the fact that said fire was fed and increased, and shortly became beyond control, by reason of the flow of gas through the said pipe leading from the main on Columbia avenue into the said mill, and which flow of gas it was impossible to stop on account of the access to said pipe from the surface of the street having been destroyed, buried and obliterated by the said negligence of the defendant's servants. In consequence whereof, and by reason whereof, the said mill property of plaintiffs, with the stock and machinery therein, were entirely and totally destroyed. Plaintiff's loss by fire on said building, stock and machinery amounted to the sum of $193,696.28, while the amount of insurance obtained by the plaintiffs on the same was $153,591.50, and plaintiffs lost by said fire the sum of $40,104.78, for which they received no insurance.

But for the said carelessness and negligence of defendant's servants and employees the said flow of gas could have been and would have been turned off from said mill and the fire extinguished before the loss by said fire had reached the amount of insurance.

Plaintiffs aver that they are injured by the said carelessness and negligence of defendant's servants and employees to the amount of $40,104.78, therefore they bring suit, etc.

The defendant demurred to the statement for the following reasons :

1. That the said statement does not allege or show any duty incumbent upon the defendant to keep the access to the gas pipe mentioned in the statement free, open and unobstructed.

2. Because any duty with respect to the said gas pipe and the access thereto was a duty of the city of Philadelphia.

3. Because the work of changing the grade of Columbia avenue between Ninth and Tenth streets was of a municipal character, and the duty of performing the same was that of the city of Philadelphia.

4. Because, supposing that there was any duty on the part of the defendant with respect to the said gas pipe and the access thereto, which the defendant omitted to perform, it would be answerable in damages at the time of the alleged non-performance, and then only for the ordinary and proximate consequences arising therefrom, such as the cost of restoring access to the said gas pipe or of locating and constructing some other method of access thereto.

5. Because the damage by fire to the stock and machinery of the plaintiffs was a remote and extraordinary damage, for which the defendant cannot be held responsible.

6. Because it appears by the said statement that the alleged negligence was not at all the cause of the fire; the only allegation being that if the flow of gas could have been turned off the fire would have been extinguished before the loss by fire reached the amount of insurance.

7. Because it appears by the said statement that the plaintiffs were themselves negligent with respect to the gas pipe and the access thereto, and they cannot therefore recover.

8. Because it appears by the said statement that the work of changing the grade of Columbia avenue between Ninth and Tenth streets was done in the months of March and April, 1892, and the fire took place on December 1, 1893, an interval (from the last day of April, 1892) of one year and seven months, during all of which time the said gas pipe remained covered up. This lapse of time was such that the plaintiffs were, long before December 1, 1893, the date of the fire, chargeable with constructive notice of the condition of the gas pipe, which rendered it their duty to restore the access to the said gas pipe.

The court sustained the demurrer to the statement.

*Error assigned* was in sustaining demurrer to statement.

*Francis S. Laws*, for appellants.—The fact that it might have been the duty of the city to see that the gas pipes were preserved in a condition of safety for the protection of the plaintiffs and the public, and that it is liable for a failure so to do, does not relieve the defendant from the consequence of its negligent act. Both would be liable for its own tort: City v. Weller, 4 Brew. 24; Gas Co. v. Robinson, 99 Pa. 1; Boro. of Carlisle v. Brisbane, 113 Pa. 544; Koelsch v. Phila. Co., 152 Pa. 355; Gates v. Penna. R. R., 150 Pa. 50; Gates v. Penna. R. R., 154 Pa. 566; Wolfe v. Telegraph & Telephone Co., 33 Fed. Rep. 320; Sheffield v. Telephone Co., 36 Fed. Rep. 164; Telegraph Co. v. Varnau, 15 Atl. Repr. 624.

In determining what is proximate cause the true rule is that the injury must be the natural and probable consequence of the negligence; such a consequence as, under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoers as likely to flow from his act: Scott v. Ry. Co., 172 Pa. 646; Yoders v. Twp., 172 Pa. 447; Schaeffer v. Jackson Twp., 150 Pa. 145.

The negligence of the defendant was the proximate cause of the damage, as established by the authorities of both the English and American courts: Hoehle v. Heating Co., 5 Pa. Superior Ct. 21; Casting Co. v. R. R., 109 Mass. 277; Atkinson v. Waterworks Co., L. R. 6 Exch. Cases, 404; Kibele v. City of Phila., 105 Pa. 41; Stock v. City of Boston, 149 Mass. 410; Koelsch v. Phila. Co., 152 Pa. 355; Scott v. Hunter, 46 Pa. 192; Fairbanks v. Kerr, 70 Pa. 86; Paterson v. Mayor of Blackburn, 9 Times L. R. 55; Burrows v. March Gas & Coke Co., 6 L. R. 5 Ex. Cases, 67; Dickinson v. Boyle, 17 Pick. 78; Wideman v. Smith, 1 Lack. Jur. 203; Lynch v. Nurdin, 1 A. & E. (N. S.) 29; Canal Co. v. Graham, 63 Pa. 290; Learned v. Castle, 78 Cal. 454.

Mere lapse of time is not sufficient to charge the plaintiffs with knowledge of the condition of the stopcock: Dexter v. McCready, 54 Conn. 171; Boehm v. Boro. of Bethlehem, 4 Pa. Superior Ct. 385.

*Thomas Hart, Jr.*, for appellee, was not heard, but in his

printed brief said : Everything alleged in the statement as a matter of duty is of a municipal character, incumbent upon the city of Philadelphia : Foster v. Phila., 5 W. N. C. 269 ; Shuter v. City, 3 Phila. 228 ; Smith v. Phila., 81 Pa. 38 ; Western Saving Fund v. Phila., 31 Pa. 175 ; Wheeler v. Phila., 77 Pa. 353 ; Wash. Gas Light Co. v. Dist. of Columbia, 161 U. S. 316 ; Com. v. Lowell Gas Light Co., 12 Allen, 75 ; Little Sch. Nav. Co. v. Richards, 57 Pa. 142 ; Phila. Co. v. Traction Co., 165 Pa. 456 ; McNerney v. Reading City, 150 Pa. 611 ; Reading v. Reiner, 167 Pa. 41 ; Gates v. Pa. R. R. Co., 150 Pa. 50.

The damage by fire to the stock and machinery of the plaintiffs was a remote and extraordinary damage for which the defendant cannot be held responsible : Behling v. Pipe Lines, 160 Pa. 364 ; Ry. v. Taylor, 104 Pa. 306 ; West Mahanoy Twp. v. Watson, 112 Pa. 574 ; Pittsburg Southern Ry. v. Taylor, 104 Pa. 306 ; Pass. Ry. v. Trich, 117 Pa. 390 ; Herr v. Lebanon, 149 Pa. 222 ; Yoders v. Amwell Twp., 172 Pa. 459 ; Scott v. Ry. Co., 172 Pa. 646.

It appears by the statement that the plaintiffs were themselves negligent with respect to the gas pipe and the access thereto, and they cannot therefore recover : McLaughlin v. Cory, 77 Pa. 109 ; Vanderslice v. Phila., 103 Pa. 102 ; Oil City v. Robinson, 99 Pa. 1 ; Kibele v. Phila., 105 Pa. 41 ; Gates v. R. R., 154 Pa. 566.

PER CURIAM, February 7, 1898 :

If it was negligence on the part of the defendant to cover up the plaintiffs' stop cock in the gas pipe on the sidewalk so as to cut off access to it, it was certainly negligence in the plaintiffs to permit it to remain in that condition for a year and a half. As the plaintiffs' statement contains this averment it is taken to be true, and defeats their action. It is also true that the covering of the stopcock had nothing to do with the cause of the fire, on the facts set forth in the statement, and in any other aspect of that fact it was entirely too remote and speculative as the basis of a cause of action. It could only be a matter of conjecture whether the building would not have been destroyed by the fire in any event, whether the gas was escaping or not, and the jury could not be permitted to guess upon such a subject. The proximate cause of the loss of the building was

the fire, and the question whether the fire could have been put out if the gas had not escaped could not possibly be determined. The mere emission of gas from a broken pipe would not have produced fire, and it required the intervention of another agency, to wit: fire, to cause the destruction of the building. There are other reasons equally fatal to the cause of action apparent in the statement, but it is not necessary to consider them. The assignments of error are not sustained.

Judgment affirmed and appeal dismissed, at the cost of the appellants.